UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-80561-ROSENBERG/BRANNON

ATLANTIC CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

VETERANS HOUSING OF WEST PALM BEACH,
LLC, and YULANDER McNEALY, as Personal
Representative of the Estate of Shandreka L. Caster
Wilkerson,

    Defendants.
_____/

## ORDER DENYING MOTION TO VACATE DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court on Defendant Yulander McNealy's Motion to Set Aside Default Judgment [DE 44]. The Court has reviewed the Motion, Plaintiff's response, *see* DE 44, and Defendant McNealy's reply, *see* DE 49, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant McNealy's Motion [DE 44] is **DENIED**.

### I.    PROCEDURAL HISTORY

Plaintiff filed this action on May 1, 2015. *See* DE 1. Plaintiff seeks a declaratory judgment that an insurance policy it issued provides neither coverage nor a duty to defend Defendant Veterans Housing in a state court wrongful death lawsuit, which was filed against Veterans Housing by Defendant Yulander McNealy. *See* DE 37. That lawsuit arose out of the death of Shandreka L. Caster Wilkerson, and was brought by McNealy, her mother, as personal representative of her estate. *See* DE 37-1.

On June 24, 2015, Defendant McNealy was served with process, via substitute service on her sister and co-resident. *See* DE 25. Defendant McNealy's response to the complaint was therefore due on July 15, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendant McNealy failed

1

to timely respond, Plaintiff obtained a Clerk's default against her on July 20, 2015. *See* DE 26-27. On September 18, 2015, Plaintiff informed the Court that it would not be moving for a default judgment against Defendant McNealy prior to resolving its claim against Defendant Veterans Housing, due to the possibility of inconsistent liability between the Defendants. *See* DE 34. On November 5, 2015, Plaintiff moved for summary judgment. *See* DE 41. Defendant McNealy filed the instant motion to set aside the default on December 11, 2015. *See* DE 44.

## II.     LEGAL STANDARD

Although Defendant McNealy's motion states that it is challenging a default *judgment*, no judgment was in fact entered following the Clerk's default. *See* DE 27, 33-34. Accordingly, Defendant McNealy's motion is governed by the "good cause" standard of Federal Rule of Civil Procedure 55, rather than the "excusable neglect" standard of Rule 60. *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) ("The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.").

Rule 55(c) allows a court to set aside an entry of default on a showing of "good cause." The Eleventh Circuit has described good cause as "a mutable standard varying from situation to situation" that "is not susceptible to a precise formula." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (quoting *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). The Eleventh Circuit has nevertheless noted that the following factors may be relevant: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the non-moving party; (3) whether the defaulting party may have a meritorious defense; (4) whether the public interest was implicated; (5) whether

there was significant financial loss to the defaulting party; (6) whether the defaulting party acted promptly to correct the default. *Perez*, 774 F.3d at 1337 n.7.

### III.  ANALYSIS

In her initial motion to vacate the default, Defendant McNealy asserted "good cause" existed because Plaintiff's counsel had not made "any effort whatsoever to notify her, or her state court counsel, of the existence of the federal court action." DE 44 at 9. Plaintiff responded that Plaintiff's counsel had, in fact, informed Defendant McNealy's state court counsel of federal action, and filed correspondence between the two counsels demonstrating this. *See* DE 45-46. Thereafter, Defendant McNealy—who is represented by different counsel in this federal action than in the state action—withdrew this argument. *See* DE 49 at 2 ¶ 5.

Defendant McNealy also attempts to assert a meritorious defense: she argues the Court should exercise its discretion to abstain from hearing this declaratory judgment action, due to the pending state court action. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see also Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (listing nine factors for district courts to consider in deciding whether to abstain under *Brillhart*). The Court finds that abstention is not warranted here, as the underlying state court action involves different issues and parties: the insurance coverage issue has not been raised in the state court lawsuit, and Plaintiff is not a party to that lawsuit. *See, e.g., Specialty Underwriters Alliance v. Peebles McManus, LLC*, 643 F. Supp. 2d 1298, 1301-02 (M.D. Ala. 2009); *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 8:09–cv–1129–T–24 MAP, 2009 WL 3446745, *2 (M.D. Fla. Oc. 21, 2009). The Court notes that Defendant McNealy has proffered no defense to Plaintiff's pending motion for summary judgment.

The Court finds that Defendant McNealy has failed to show good cause for vacating the default against her. First, she has failed to assert a meritorious defense. Second, she did not act

3

promptly to set aside the default: she did not move to vacate the default until December 2015, almost five months after it was entered, even though the record shows that she was properly served with process and that her state court counsel was aware of this action since at least May 2015. *See* DE 45-2. Third, the default will not result in a significant financial loss to Defendant McNealy. In fact, it may not result in any judgment against her, since Defendant Veterans Housing continues to oppose Plaintiff's claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Yulander McNealy's Motion to Set Aside Default Judgment [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 3rd day of February, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record